## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PHILLIP DOWNEY, individually and on behalf: of all others similarly situated, <br> Plaintiff, | No. 12-2765-JHS |
| v. | |
| MESA FRESH INVESTORS I, LLC, doing business as Mesa Fresh Mexican Grill, <br> Defendant <br> and Third Party Plaintiff | JURY TRIAL DEMANDED |
| v. | |
| MICROS SYSTEMS, INC. <br> 7031 Columbia Gateway Drive <br> Columbia, MD 21046 <br> Third Party Defendant | |



### THIRD PARTY COMPLAINT

Defendant and Third Party Plaintiff Mesa Fresh Investors I, LLC, by and through

its undersigned counsel, hereby alleges as follows, for and as its Third Party Complaint:

### PARTIES

1.      Defendant and Third Party Plaintiff Mesa Fresh Investors I, LLC

(hereinafter referred to as "Mesa") is a Pennsylvania limited liability company with a

place of business at the Marple Crossroads Shopping Center in Springfield, Delaware

County, PA.

2.      Third Party Defendant MICROS Systems, Inc. (hereinafter "Micros") is,

on information and belief, a Maryland business corporation with a place of business

located at 7031 Columbia Gateway Drive, Columbia, MD 21046.

3.     Plaintiff is Phillip Downey, who instituted suit against Mesa in this civil action.

## JURISDICTION

4.     This Court has jurisdiction of the claims Plaintiff asserted against Mesa because such claims are alleged under federal law.

5.     This Third Party Complaint alleges that Micros is liable to Mesa for all or part of the Plaintiff's claims against Mesa, and arises out of the same facts and circumstances as those of the Complaint by Plaintiff against Mesa.  Therefore this Court has supplemental jurisdiction over this Third Party Complaint.

## CLAIM FOR RELIEF

6.     In the Plaintiff's Complaint in this action, Plaintiff alleged claims against Mesa for violations of 15 U.S.C. 1681 et seq., the Fair and Accurate Credit Transaction Act ("FACTA").  A copy of the Plaintiff's Complaint is attached hereto as Exhibit 1 and incorporated herein by this reference.

7.     Plaintiff has alleged in the Complaint, inter alia, that Mesa violated FACTA by providing Plaintiff with an electronically printed receipt, at Mesa's Springfield restaurant, on May 19, 2010, on which Mesa printed the expiration date of Plaintiff's credit or debit card.

8.     Plaintiff has alleged in the Complaint, inter alia, that Mesa violated FACTA by providing members of an alleged/purported/putative class of members with electronically printed receipts, at Mesa's Springfield restaurant, on which Mesa printed the expiration date of such class member's credit or debit card and/or printed more than the last five digits of such member's credit card or debit card.

2

9.     Defendant Mesa filed an Answer and Affirmative Defenses to Plaintiff's Complaint, denying liability and asserting other defenses to the Plaintiff's claims. A copy of that pleading filed by Mesa is attached hereto as Exhibit 2 and incorporated herein by this reference.

10.    Third Party Defendant Micros provided and serviced the point of sale system for credit card (and/or debit card) sale transactions, including hardware and software systems, used by Mesa at the restaurant Mesa operated in Springfield during the relevant period of time which is the subject of the Plaintiff's Complaint. The Micros point of sale system was used to print receipts for any such transactions.

11.    Defendant Micros had the responsibility to ensure that such point of sale system was working properly and within the bounds of applicable law, including with regard to printing receipts for any credit card and/or debit card transactions, for which Mesa reasonably relied upon Micros.

12.    If any violations of FACTA took place as alleged by the Plaintiff, which allegations are specifically denied, and if any damages were incurred by Plaintiff and any members of the alleged/putative class as a result of any such alleged violations, which allegations are specifically denied, then any such damages were caused solely by Micros.

13.    Micros is obligated to indemnify Mesa for any damages owing to the Plaintiff and/or the members of the alleged/putative class, such damages being expressly denied, because, among other reasons, Micros provided and serviced the point of sale system at the restaurant operated by Mesa in Springfield which was used to print any credit card and/or debit card sale transaction receipts which the Plaintiff has alleged

3

violated FACTA, and had responsibility to ensure that such system operated properly and within the requirements of applicable law.

14.     Accordingly, Micros is liable to Mesa for all or part of the Plaintiff's claims against Mesa alleged in the Complaint.

15.     In the event that the Plaintiff or any members of the alleged/putative class recover any judgment against Mesa, Mesa asserts a right of indemnity and/or contribution against Micros.

WHEREFORE, Defendant and Third Party Plaintiff Mesa Fresh Investors I, LLC demands judgment against Third Party Defendant MICROS Systems, Inc., as solely liable to the Plaintiff, or as liable over to Mesa Fresh Investors I, LLC, directly or by way of contribution or indemnity, on any and all claims against Mesa Fresh Investors I, LLC, specifically including any and all claims by the Plaintiff and/or any members of the alleged/putative class, any liability by or on behalf of Mesa Fresh Investors I, LLC, being expressly denied, and such other and further relief, including attorney's fees and costs, as this Court deems just and appropriate under the law and equity, based on the evidence.

Dated: September 27, 2012

Jeffrey W. Soderberg
Attorney I.D. No. 55369
MANDRACCHIA & MCWHIRK, LLC
2024 Cressman Road, P.O. Box 1229
Skippack, PA 19474-1229
(610) 584-0700
Attorneys for Defendant and Third Party
Plaintiff Mesa Fresh Investors I, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PHILLIP DOWNEY, individually and on behalf: of all others similarly situated,<br>                    Plaintiff, | No. 12-2765-JHS |
|           v. | |
| MESA FRESH INVESTORS I, LLC, doing business as Mesa Fresh Mexican Grill,<br>                    Defendant. | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Jeffrey W. Soderberg, an attorney for the Defendant and Third Party Plaintiff hereby certify that on this 27th day of September, 2012, I caused the foregoing Third Party Complaint to be served via first class mail, postage paid, upon the following:

Robert Sink, Esq.
Law Offices of Robert W. Sink
Four Penn Center
1600 J.F.K. Boulevard – Suite 503
Philadelphia, PA 19103
215-729-3333

Jeffrey W. Soderberg
Attorney I.D. No. 55369
Mandracchia & McWhirk, LLC
2024 Cressman Road, P.O. Box 1229
Skippack, PA  19474-1229
Dated: September 27, 2012        (610) 584-0700
Attorneys for Defendant

# EXHIBIT 1

Case 2:12-cv-02765-JHS Document 1 Filed 05/18/12 Page 1 of 15

12-CV-2765

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**12    2765**

## I. (a) PLAINTIFFS
Downey, Philip

**DEFENDANTS**
Mesa Fresh Investors I, LLC, doing business as Mesa Fresh Mexican Grill

**(b)** County of Residence of First Listed Plaintiff    Chester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert Sink, Law Offices of Robert W. Sink, 1600 JFK Blvd, Suite 503, Philadelphia, PA 19103, (215) 729-3333

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1681c(g)

Brief description of cause:
Violation of Fair and Accurate Credit Transaction Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
In excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
05/18/2012

SIGNATURE OF ATTORNEY OF RECORD

MAY 18 2012

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 2:12-cv-02765-JHS   Document 1   Filed 05/18/12   Page 2 of 15

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1555 Embryville Road, Coatesville, PA 19375        **12      2765**

Address of Defendant: 1263 West Valley Road, Wayne, PA 19087

Place of Accident, Incident or Transaction: Mesa Fresh Mexican Grill, 400 S. State Street, Springfield, PA 19064

_(Use Reverse Side For Additional Space)_

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☐   No ☑

Does this case involve multidistrict litigation possibilities?        Yes ☐   No ☑

_RELATED CASE, IF ANY:_

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. _Federal Question Cases:_
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) 15 U.S.C. 1681c(g)

B. _Diversity Jurisdiction Cases:_
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases

   (Please specify)

**ARBITRATION CERTIFICATION**
_(Check Appropriate Category)_

I, Robert Sink, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $ 150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: May 18, 2012        _Attorney-at-Law_        73201   _Attorney I.D.#_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 18, 2012        _Attorney-at-Law_        73201   _Attorney I.D.#_        MAY 18 2012

CIV. 609 (6/08)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Philip Downey, individually and on behalf of all others similarly situated | : | CIVIL ACTION |
| v. | : | |
| Mesa Fresh Investors I, LLC, d/b/a Mesa Fresh Mexican Grill | : | **12   2765** |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.)                                                                      (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )



| May 18, 2012 | Robert Sink | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 729-3333 | (215) 475-4600 | rsink@sinklawoffices.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**MAY 1 8 2012**

# JHS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Philip Downey, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>Mesa Fresh Investors I, LLC, doing business as Mesa Fresh Mexican Grill,<br>Defendant. | Civil Action No. **12 2765**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Comes now Philip Downey, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

**FILED**
MAY 18 2012
By MICHAEL E. KUNZ, Clerk
Dep. Clerk

### INTRODUCTION

1. In 2003, Congress passed, and the President signed, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2. A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than

December 4, 2006. Although Defendant (defined below) had up to three years to comply,

Defendant has willfully violated this law and failed to protect Plaintiff and others similarly

situated against identity theft and credit card and debit card fraud by continuing to print more

than the last five digits of the card number and/or the expiration date on receipts provided to

debit card and credit card cardholders transacting business with Defendant.

4. On June 3, 2008, House Bill HR 4008 (known as the so-called Credit and Debit

Card Receipt Clarification Act of 2007, Pub.L. 110-241, §3(a), June 3, 2008, 122 Stat.

1566)(hereafter "Clarification Act") was signed into law by the President.

5. Specifically, Section 3(a) of the "Clarification Act" states, in relevant part:

> [F]or purposes of this section, any person who printed an expiration date on any
> receipt provided to a consumer cardholder at a point of sale or transaction
> between December 4, 2004 and the date of enactment of this subsection but
> otherwise complied with the requirements of Section 605(g) for such receipt shall
> not be in willful noncompliance with Section 605(g) by reason of printing such
> expiration date on the receipt.

6. Thus, the "Clarification Act" provided amnesty to those businesses which had

been sued for violations of FACTA's prohibition against the printing of expiration dates on

electronically printed receipts between December 4, 2004 and June 3, 2008. However, the

"Clarification Act" is inapplicable to any merchant that accepts payment by credit and debit

cards and who violates the law by printing expiration dates from June 4, 2008 forward.

7. Plaintiff, on behalf of himself and all others similarly situated, brings this action

against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq.*

8. Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive

damages, costs and attorneys fees, all of which are expressly made available by statute, 15

U.S.C. §§1681 *et seq.*

2

09/06/2012 17:11 6102548010 STAPLES PAGE 09/18

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

10. Plaintiff's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.

11. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

12. Plaintiff, Philip Downey, is and at all times relevant hereto was a resident of the Commonwealth of Pennsylvania, County of Chester.

13. Defendant, Mesa Fresh Investors 1, LLC, is a Pennsylvania Limited Liability Company with a registered office address of 1263 West Valley Road, Wayne, PA 19087.

14. Defendant does business as Mesa Fresh Mexican Grill, a restaurant located in the Marple Crossroads Shopping Center at 400 South State Street, Springfield, PA 19064.

15. Defendant, acting as Mesa Fresh Mexican Grill, is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

16. Plaintiff, upon information and belief, alleges that at all relevant times Defendant Mesa Fresh Investors I, LLC was the franchisor, franchisee, principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of Mesa Fresh Mexican Grill, and was engaged in an enterprise for profit, and bore such relationships so as to be liable for their conduct

3

with respect to the matters alleged below. Plaintiff, upon such information and belief, alleges that

Defendant acted pursuant to and within the scope of the relationships alleged above.

## INDUSTRY KNOWLEDGE REGARDING THE TRUNCATION OF EXPIRATION DATES

17. In early 2003, the payment card industry and Congress announced that they were

working together to combat identity theft. A critical part of this joint effort was the truncation of

personal data from credit and debit card receipts presented to consumers at the point of sale.

18. On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with

Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's

new account truncation program to protect consumers from identity theft. At the press

conference, Mr. Pascarella stated:

> Today, I am proud to announce an additional measure to combat
> identity theft and protect consumers. Our new receipt truncation
> policy will soon limit cardholder information on receipts to the last
> four digits of their accounts. *The card's expiration date will be
> eliminated from receipts altogether* . . . .
>
> The first phase of this new policy goes into effect July 1, 2003 for all
> new terminals. I would like to add, however, that even before this policy
> goes into effect, many merchants have already voluntarily begun
> truncating receipts, thanks to the groundwork that we began together
> several years ago.
>
> * * * *
>
> Visa USA is pleased to be working with Senator Feinstein, and the other
> senators here today in the fight to protect consumers from identity theft.
> After all, we share the same goals.

19. On July 9, 2003, L. Richard Fischer, presented a written statement to the United States

House of Representatives Committee on Financial Services on behalf of Visa USA, Inc.,

supporting the truncation requirements of what ultimately became FACTA. Therein, Mr. Fischer

stated:

4

Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example. Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number *or the expiration date* upon receipts provided to cardholders at the point of sale
. . . .

20. Visa USA's agreements with the American merchants which accept Visa brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa Merchant Rules Manual includes a description of Visa's truncation requirements. For example, the 2006 edition of the Manual states:

"Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt. After July 1, 2006, *the expiration date should not appear at all.* Existing POS terminals must comply with these requirements by July 1, 2006 . . . . "

21. The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

22. The Office of Thrift Supervision, United States Department of Treasury ("OTS"), is responsible, *inter alia*, for monitoring financial institution compliance with FACTA. Toward this end, the OTS publishes an Examination Handbook ("Handbook") which assists OTS field personnel when they perform an examination, or compliance audit, of a given financial institution. The February 2006 Edition of the Handbook states, in relevant part:

**Truncation of Credit and Debit Card Account Numbers**

Ensure that electronically generated receipts from ATM and POS

5

terminals or other machines do not contain more than the last five
digits of the card number *and do not contain the expiration dates.*

23. FACTA's requirement that merchants truncate credit and debit card expiration

dates was phased in over a three year period. During the three year phase-in period, there was

extensive publicity regarding the law's requirements.

24. Many restaurant and retail trade associations apprised their merchant members

that FACTA requires truncation of the entire expiration date and all but the last five digits of the

cardholder account number.

## DEFENDANT'S KNOWLEDGE OF FACTA'S
## TRUNCATION REQUIREMENTS

25. Upon information and belief, Defendant had actual knowledge of Visa's truncation

requirements, specifically including the requirement that credit and debit card expiration dates be

truncated on receipts presented to consumers at the point of sale.

26. Upon information and belief, Defendant had actual knowledge of FACTA's truncation

requirements, specifically including the requirement that credit and debit card expiration dates be

truncated on receipts presented to consumers at the point of sale.

## CLASS ALLEGATIONS

27. Plaintiff brings this class action on behalf of himself and all others similarly situated

pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

28. Plaintiff seeks to represent a class of persons to be defined as follows:

All persons to whom Defendant provided an electronically printed

receipt at the point of sale or transaction, in a transaction occurring after

December 4, 2006, on which Defendant printed more than the last five digits of

the person credit card or debit card number; and/or

6

All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after June 3, 2008, on which Defendant printed the expiration date of the person's credit card.

29. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

30. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

31. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

32. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

33. Plaintiff and members of the class were each customers of Defendant, each having made a purchase or transacted other business with Defendant at an applicable time using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of the class, Defendant provided to Plaintiff and each member of the class a receipt in violation of 15 U.S.C. §1681c(g).

34. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class.

7

35. The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

    a.    Whether Defendant's conduct of providing Plaintiff and the members of the class with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§1681 *et seq.*;

    b.    Whether Defendant's conduct was willful;

    c.    Whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct;

36. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

37. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the class. While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class. The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying,

8

inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

38. **Disavowal of Unconstitutional Damages.** To the extent that any award of class-based statutory damages against Defendant might be adjudicated as violating Defendant's Due Process Rights under the United States Constitution, Plaintiff, on behalf of the putative class he is seeking to represent, expressly requests damages **only** to the fullest extent allowed under the Constitution of the United States.

### FIRST CAUSE OF ACTION
#### For Violation of 15 U.S.C. §§1681 *et seq.*
#### (On Behalf of Plaintiff and the Members of the Class)

39. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40. Plaintiff asserts this claim on behalf of himself and the class against Defendant.

41. Title 15 U.S.C. §1681c(g)(1) provides that:

> ...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

42. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

43. With respect to machines that were in use before January 1, 2005, 15 U.S.C.

§1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after
December 4, 2006.

44. Defendant transacts business in the United States and accept credit cards and/or
debit cards in the course of transacting business with persons such as Plaintiff and the members
of the class. In transacting such business, Defendant uses cash registers and/or other machines or
devices that electronically print receipts for credit card and/or debit card transactions.

45. On May 19, 2010, after the effective date of the statute, Defendant, at their Mesa Fresh
Mexican Grill location in Springfield, Pennsylvania, provided Plaintiff with an electronically
printed receipt on which Defendant printed the expiration date of Plaintiff's credit or debit card.

46. Defendant, at the point of a sale or transaction with members of the class,
provided, either: a) through use of a machine that was first put into use on or after January 1,
2005, at any time after such date; or b) through any machine at any time after December 4, 2006,
each member of the class with one or more electronically printed receipts on each of which
Defendant printed, for each respective class member, more than the last five digits of such
member's credit card or debit card number and/or printed the expiration date of such member's
credit or debit card.

47. As set forth above, FACTA was enacted in 2003 and gave merchants who accept
credit card and/or debit cards up to three years to comply with its requirements, requiring
compliance for all machines no later than December 4, 2006.

48. Defendant, upon information and belief, knew of, or should have known of, and were
informed about the law, including specifically FACTA's requirements concerning the truncation
of credit and debit card numbers and prohibition on printing of expiration dates.

49. Despite knowing and being repeatedly informed about FACTA and the

10

importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of the class – persons with whom Defendant transacts business.

50. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

51. In contrast, Defendant willfully disregarded FACTA's requirements..

52. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

53. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

54. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

55. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a. An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b. An award to Plaintiff and the members of the class of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

c. An award to Plaintiff and the members of the class of punitive damages pursuant to 15 U.S.C. §1681n(a)(2)(up to but not exceeding the fullest extent allowed under the Constitution of the United States);

d. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

e. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

f. For other and further relief as the Court may deem proper

Dated: May 18, 2012

Respectfully Submitted,

Robert Sink, Esq.
Law Offices of Robert W. Sink
Four Penn Center
1600 J.F.K. Boulevard – Suite 503
Philadelphia, PA 19103
Tel: 215-729-3333

Attorney for Plaintiff,
Philip Downey, individually and
on behalf of all others similarly situated.

12

**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PHILLIP DOWNEY, individually and on behalf: of all others similarly situated, | : : | No. 12-2765-JHS |
| Plaintiff, | : : | |
| v. | : : | |
| MESA FRESH INVESTORS I, LLC, doing business as Mesa Fresh Mexican Grill, | : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, MESA FRESH INVESTORS I, LLC, d/b/a MESA FRESH MEXICAN GRILL, TO PLAINTIFF'S COMPLAINT

Defendant Mesa Fresh Investors I, LLC (hereinafter referred to as "Defendant Mesa"), by and through its undersigned counsel, hereby answers the Plaintiff's Complaint, as follows:

1.     Denied, as conclusions of law to which no response is required and which are therefore denied. By way of further response, defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint, which are therefore deemed denied.

2.     Denied. The allegations in this paragraph of the complaint constitute conclusions of law to which no response is required and are therefore denied.

3.     Denied. The allegations in this paragraph of the complaint constitute conclusions of law to which no response is required and are therefore denied. By way of further response, Defendant Mesa specifically denies that it willfully violated the law as alleged in this paragraph.

4.     Denied. The allegations in this paragraph of the complaint constitute conclusions of law to which no response is required and are therefore denied.

5.     Denied. The allegations in this paragraph of the complaint constitute conclusions of law to which no response is required and are therefore denied.

6.     Denied. The allegations in this paragraph of the complaint constitute conclusions of law to which no response is required and are therefore denied.

7.     Denied. The allegations in this paragraph of the complaint constitute conclusions of law to which no response is required and are therefore denied. By way of further response, Defendant Mesa specifically denies that it violated or was in violation of 15 U.S.C. §§ 1681 et seq.

8.     Denied. The allegations in this paragraph of the complaint constitute conclusions of law to which no response is required and are therefore denied. By way of further response, Defendant Mesa specifically denies that plaintiff, on behalf of himself or any other persons, is entitled to the relief referenced in this paragraph of the complaint.

9.     Denied, as a conclusion of law to which no response is required.

10.     Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint regarding where plaintiff's claims arose. Therefore such allegations are deemed denied. Such allegations also are denied as a conclusion of law to which no response is required. Defendant Mesa admits only that it does business Springfield, PA, which is located in this judicial district.

11.     Denied. The allegations of this paragraph of the complaint are conclusions of law to which no response is required, and therefore are denied.

2

12.    Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

13.    Admitted.

14.    Admitted only that Defendant Mesa operates the Mesa Fresh Mexican Grill restaurant located in the Marple Crossroads Shopping Center in Springfield, PA. The remaining allegations are denied including as conclusions of law to which no response is required.

15.    Denied, as a conclusion of law to which no response is required.

16.    Denied. By way of further response, the allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied. Additionally, Defendant Mesa specifically denies that is in any way liable to the plaintiff as alleged in this complaint.

17.    Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

18.    Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

19.    Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

3

20.     Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.  By way of further response, the allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

21.     Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.  By way of further response, the allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

22.     Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.  By way of further response, the allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

23.     The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.  By way of further response, Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

24.     Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.  By way of further response, to the extent the allegations

4

of this paragraph of the complaint constitute conclusions of law – i.e., the allegation as to what FACTA requires - no response is required and the allegations are therefore denied.

25.    Denied.

26.    Denied.  By way of further response, By way of further response, to the extent the allegations of this paragraph of the complaint constitute conclusions of law – i.e, the allegation as to what FACTA requires - no response is required and the allegations are therefore denied.

27.    The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

28.    The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

29.    The allegations of this paragraph of the complaint are denied, both substantively and as conclusions of law to which no response is required.

30.    The allegations of this paragraph of the complaint are denied, both substantively and as conclusions of law to which no response is required.

31.    The allegations of this paragraph of the complaint are denied, both substantively and as conclusions of law to which no response is required

32.    The allegations of this paragraph of the complaint are denied, both substantively and as conclusions of law to which no response is required. Defendant Mesa specifically denies that it engaged in or committed any unlawful or willful conduct as alleged.

33.    The allegations of this paragraph of the complaint are denied, both substantively and as conclusions of law to which no response is required. Defendant Mesa specifically denies that it violated 15 U.S.C. §1681c(g) as alleged.

34.    The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

35.    The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied. Defendant Mesa specifically denies, to the extent such is alleged: that it violated the FACTA, 15 U.S.C. §§1681 et seq.; that it engaged in any willful conduct; and that it engaged in or committed any acts or conduct which gives rise to any claim or entitlement of Plaintiff or any other person referenced in this complaint to any damages or other relief under the law.

36.    The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied. By way of further response, defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

37.    The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied. By way of further response, defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

38.    The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

6

39.   Defendant Mesa incorporates herein by references its responses to the preceding paragraphs of the complaint as set forth above.

40.   The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

41.   The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

42.   The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

43.   The allegations of this paragraph of the complaint are conclusions of law to which no response is required and are therefore denied.

44.   Defendant Mesa admits that only it operates a restaurant which: transacts business in the United States, accepts credit cards in the course of transacting business and uses cash registers that electronically print receipts for credit card transactions. Defendant Mesa denies that the restaurant it operates accepts or accepted debit cards. Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph of the complaint, including any allegation that such restaurant transacted business with Plaintiff, which are therefore deemed denied.  In addition, no response is required to the allegations of this paragraph of the complaint which are conclusions of law, including allegations regarding "members of the class", and such allegations are therefore denied.

45.   Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.

46.     Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint. Therefore such allegations are deemed denied.  By way of further response, the allegations of this paragraph of the complaint are denied as conclusions of law to which no response is required.

47.     The allegations of this paragraph of the complaint are denied as conclusions of law to which no response is required.

48.     Denied, both substantively and as conclusions of law to which no response is required.

49.     Denied, both substantively and as conclusions of law to which no response is required.  By way of further response, Defendant Mesa specifically denies that it willfully violated or continues to violate any law, including without limitation FACTA's requirements as alleged.

50.     Defendant Mesa lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the complaint regarding any other persons or entities.  Therefore such allegations are deemed denied.  The remaining allegations of this paragraph of the complaint are denied, both substantively and as conclusions of law to which no response is required.

51.     The allegations of this paragraph of the complaint are denied both substantively and as conclusions of law to which no response is required.  Further, Defendant Mesa specifically denies that it willfully disregarded or violated FACTA's requirements as alleged.

52. The allegations of this paragraph of the complaint are denied both substantively and as conclusions of law to which no response is required. Further, Defendant Mesa specifically denies that it willfully violated FACTA in conscious disregard of the rights of Plaintiff or of any other person or exposed Plaintiff or any other person to any risk as alleged.

53. The allegations of this paragraph of the complaint are denied both substantively and as conclusions of law to which no response is required. Further, Defendant Mesa specifically denies that it willfully violated or committed any willful violations of FACTA and specifically denies that it is liable in any way to Plaintiff or any other person for any damages, as alleged.

54. The allegations of this paragraph of the complaint are denied both substantively and as conclusions of law to which no response is required. Further, Defendant Mesa specifically denies that it willfully violated or committed any willful violations of FACTA, and specifically denies that Plaintiff or any other person is entitled under the law to recover against defendant Mesa any award, amount or other relief, including without limitation costs of suit or attorney's fees.

55. The allegations of this paragraph of the complaint are denied both substantively and as conclusions of law to which no response is required. Further, Defendant Mesa specifically denies that it willfully violated or committed any willful violations of FACTA, and specifically denies that Plaintiff or any other person is entitled under the law to recover as against defendant Mesa any award or amount of punitive damages.

9

WHEREFORE, defendant Mesa Fresh Investors I, LLC demands judgment in its favor and against Plaintiff together with costs and reasonable attorney's fees and such other and further relief as the Court deems just, equitable and appropriate based on the law and the evidence.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are or may be barred by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are or may be barred by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are or may be barred or limited by estoppel and/or waiver.

### Fifth Affirmative Defense

Plaintiff and/or the putative class members have not suffered any actual damages or injuries as a result of the conduct alleged in the complaint.

### Sixth Affirmative Defense

Plaintiff and/or the putative class members lack standing to assert any claims or causes of action under 15 U.S.C. §1681 et. seq.

### Seventh Affirmative Defense

Plaintiff's claims are or may be barred or limited due to failure to mitigate any alleged damages.

### Eighth Affirmative Defense

Plaintiff's claims are or may be barred or limited due to failure of Plaintiff, an attorney licensed to practice law in the Commonwealth of Pennsylvania, to advise Defendant of any alleged FACTA violations – which alleged violations are specifically denied – prior to initiation of this action.

### Ninth Affirmative Defense

The claims of Plaintiff and/or the putative class members for any alleged actual damages – which claims are specifically denied – are or may be barred or limited on the grounds that such alleged damages resulted from intervening and superseding actions of third parties for which Defendant Mesa is not liable.

### Tenth Affirmative Defense

Plaintiff has failed to name necessary and indispensable parties, including but not limited to persons/entities responsible for management of Defendant Mesa's credit card devices and/or services, if any.

### Eleventh Affirmative Defense

The provisions of FACTA relied upon by Plaintiff are unconstitutionally vague and ambiguous on their face and as applied and therefore cannot serve as the basis for liability against Defendant Mesa in this action.

### Twelfth Affirmative Defense

Defendant Mesa did not willfully violate FACTA and/or 15 U.S.C. §1681 et. seq.

### Thirteenth Affirmative Defense

The claims of Plaintiff and/or the putative class members are or may be barred or limited because such claims and prayer for relief are disproportionate to the harm alleged and/or actually suffered by such parties, if any.

11

### Fourteenth Affirmative Defense

Granting the relief requested by the Plaintiff and/or the putative class members violates Defendant Mesa's due process rights under the United States Constitution.

### Fifteenth Affirmative Defense

Class treatment fails to meet the "superiority" requirement, including without limitation because of the absence of any actual harm suffered by the Plaintiff and/or any member of the putative class and because the potential class could not meet the minimum requirements for class certification under applicable law.

### Sixteenth Affirmative Defense

Defendant Mesa asserts all rights, privileges, defenses and immunities afforded by the Fair and Accurate Credit Transactions Act of 2003 including as amended and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

### Seventeenth Affirmative Defense

If Plaintiff or any member of the putative class is entitled to any statutory damages under any statute – which Defendant Mesa specifically denies – any such damages are subject to the express limitations set forth in such statute.

### Eighteenth Affirmative Defense

Plaintiff is not an adequate or appropriate class representative.

### Nineteenth Affirmative Defense

Any award of punitive or statutory damages in this action would be in violation of the United States Constitution, including without limitation the Fourteenth Amendment to the Constitution.

### Twentieth Affirmative Defense

Defendant Mesa reserves its rights to assert separate and/or additional affirmative defenses that it may have against any and all putative class members, if any such members exist.

### Twenty-First Affirmative Defense

Defendant Mesa reserves the right to assert additional affirmative defenses during the course of discovery and/or at trial.

WHEREFORE, defendant Mesa Fresh Investors I, LLC demands judgment in its favor and against Plaintiff together with costs and reasonable attorney's fees and such other and further relief as the Court deems just, equitable and appropriate based on the law and the evidence.

### JURY DEMANDED

Defendant Mesa demands trial by jury on any and all claims and/or issues for which a trial by jury is permitted.

Dated: September 14, 2012

/s/ Jeffrey W. Soderberg
Jeffrey W. Soderberg
Attorney I.D. No. 55369
MANDRACCHIA & MCWHIRK, LLC
2024 Cressman Road, P.O. Box 1229
Skippack, PA  19474-1229
(610) 584-0700
Attorneys for Defendant

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PHILLIP DOWNEY, individually and on behalf of all others similarly situated, | : : : | No. 12-2765-JHS |
| Plaintiff, | : : | |
| v. | : : : | |
| MESA FRESH INVESTORS I, LLC, doing business as Mesa Fresh Mexican Grill, | : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, Jeffrey W. Soderberg, an attorney for the Defendant, hereby certify that on this 14th day of September, 2012, I caused the foregoing Answer with Affirmative Defenses to Plaintiff's Complaint to be filed electronically with the Clerk of Court and served via accompanying electronic transmission, upon the following:

Robert Sink, Esq.
Law Offices of Robert W. Sink
Four Penn Center
1600 J.F.K. Boulevard – Suite 503
Philadelphia, PA 19103
215-729-3333

/s/ Jeffrey W. Soderberg
Jeffrey W. Soderberg
Attorney I.D. No. 55369
Mandracchia & McWhirk, LLC
2024 Cressman Road, P.O. Box 1229
Skippack, PA 19474-1229
Dated: September 14, 2012
(610) 584-0700
Attorneys for Defendant